22-cv-1712 ECT/LIB

IN THE UNITED STATES DISTRICT
COURT, DISTRICT OF MINNESOTA

RODERIC GHOLSTON
plaintiff

VS

CITY OF MINNESOTA individual capacity and official capacity ; MINNESOTA POLICE DEPARTMENT individual capacity and official capacity ; OFFICER ANDREW SCHROEDER in his individual capacity and official capacity

42 U.S.C. 1983

Now Comes , RODERIC GHOLSTON and brings his 42 U.S.C. Ss 1983 civil suit for false arrest illegal detainer

### JURISDICTION
Jurisdiction is invoked in this court pursuant to 28 U.S.C.  Ss 1331 ; 28 U.S.C. Ss 1332

### VENUE
Venue is invoked in this court pursuant to 28 U.S.C. Ss 1391

### PLAINTIFF
RODERIC GHOLSTON can be served all documents at the above address :

### DEFENDANTS

St. Paul Police Department can be served all documents at the physical address of 367 Grove street. St . Paul MN 55101

City of Minnesota can serve all documents at the physical address 149 Mill st. Minnesota city, MN 55959

OFFICER ANDREW SCHROEDER can be served all documents at the physical address 367 Grove street. St. Paul MN 55101

## STATEMENT OF FACTS

1. ON JUNE 23rd, 2020, Minneapolis city police officer Andrew Schroeder allegedly received information from a "confidential reliable informant" see Exhibit "A" ( MPD report takes judicial notice ).
2. The plaintiff states the "CRI" told officer Schroeder that the male was at the holiday gas station on 5th / 6th street and was the passenger of a Buick century with 656 UNN plates.
3. The "CRI" also told Schroeder that the gun had an extended magazine, was in the males pocket and he "recognized ( the male ) as just being released from prison." No other identifying information was included.
4. The plaintiff states his 4th amendment right was violated.
5. The officer never took the information to a neutral and detached magistrate for the judge to assess the credibility that the alleged confidential informant's information was reliable and credible.
6. The plaintiff states the 4th amendment makes it mandatory for the officer to take the information to the magistrate with the informant to swear under oath that the facts are enough to obtain probable cause to search or seize the plaintiff.
7. The City of Minnesota has adopted a policy which violates the plaintiff fundamental constitutional rights to be secure in their papers, houses and effects.
8. The plaintiff states officer Schroeder had no probable cause and based solely his Affidavit lied under oath to obtain a warrant to search and detain the plaintiff.
9. The plaintiff states he was charged with possession of a firearm due to 4th amendment violation.
10. The plaintiff wasn't afforded due process under the 14th amendment due to the defendants withholding exculpatory discovery material in violation of BRADY Vs MARYLAND 373 U.S.83 (1963).
11. Officer Andrew Schroeder is a part of the prosecution and he had a duty under BRADY to turnover the exculpatory discovery material.
12. Due to the Defendant withholding exculpatory discovery material plaintiff was denied compulsory process under the 6th amendment.
13. The plaintiff states the 4th amendment states no warrant shall issue but upon probable cause support by oath and affirmative describing the place to be searched or person to be seized.
14. In this case officer Andrew Schroeder lied under oath and violated my rights and there was no confidential informant.
15. Because Andrew Schroeder was acting under color of state law the Minnesota police Department and city of Minneapolis is responsible for his conduct and has to indemnify officer Schroeder.
16. The case started on August 1, 2020 so the case is Ripe for litigation.

**RELIEF SOUGHT**

1. 500,000 from each defendant for compensatory damages
2. 500,000 from each defendant for punitive damages
3. Appoint counsel under the trial bar obligation
4. Any other relief this court feels just and fair .

**RESPECTFULLY SUBMITTED**