# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Roderic Gholston, | Civ. No. 22-1712 (ECT/DJF) |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| City of Minnesota, Minnesota Police Department, and Andrew Schroeder, | |
| Defendants. | |

This action is before the Court on Plaintiff Roderic Gholston's filing titled "42 U.S.C. 1983" ("Complaint") (ECF No. 1), and his Application to Proceed in District Court Without Pre-paying Fees or Costs ("IFP Application") (ECF No. 3).  In addition, the Complaint includes a request to appoint counsel (ECF No. 1 at 3), which the Court construes as a motion for appointment of counsel ("Motion for Counsel").  For the following reasons, the Court denies Plaintiff's Motion for Counsel and recommends dismissing the Complaint without prejudice and denying the IFP Application as moot.

## BACKGROUND

Mr. Gholston filed his Complaint on July 5, 2022.  (ECF No. 1.)  The Complaint is not entirely clear, but it appears that Gholston seeks to name three Defendants.  (*See id.* at 1.)  The caption names the "City of Minnesota," which the Court construes as a reference to the State of Minnesota[1]; the "Minnesota Police Department," which the Court construes as a reference to the

---

[1]  The Complaint appears to contest Plaintiff's prosecution in Minnesota state court.  However, "City of Minnesota" might refer to Minnesota City—a small town in Winona County, since the Complaint identifies the address for "City of Minnesota" as the address listed for Minnesota City's City Hall (ECF No. 1 at 1).

St. Paul Police Department; and Andrew Schroeder, whom Mr. Gholston identifies as a "Minneapolis city police officer."[2]  (*See id.* at 1–2.)

The Statement of Facts in the Complaint (*id.* at 2) appears to describe Mr. Gholston's arrest and conviction in a Minnesota state court case, *State v. Gholston*, Case No. 27-CR-20-14418 (Minn. Dist. Ct.).[3]  In June 2020, authorities charged Mr. Gholston with one count of possessing a firearm after being "adjudicated delinquent" of a crime of violence (violating Minn. Stat. § 624.713, subd. 1(2)).  (*See* Compl. 1–2, *State v. Gholston*, Case No. 27-CR-20-14418 (Minn. Dist. Ct. June 25, 2020).)  In November 2021, Mr. Gholston elected to plead guilty.  (*See, e.g.*, Register of Actions, *State v. Gholston*, Case No. 27-CR-20-14418 (Minn. Dist. Ct.).)  In April 2022, a Hennepin County court sentenced Mr. Gholston to 60 months imprisonment.  (*See* Order and Warrant of Commitment 2, *State v. Gholston*, Case No. 27-CR-20-14418 (Minn. Dist. Ct. Apr. 1, 2022).)  Mr. Gholston has since filed a petition for postconviction relief.  Filings in the state court docket indicate the Office of the Minnesota Appellate Public Defender is representing him in that matter.  (*See* Ltr., *State v. Gholston*, Case No. 27-CR-20-14418 (Minn. Dist. Ct. Aug. 16, 2022).)

Mr. Gholston purports to bring this action under 42 U.S.C. § 1983, alleging a variety of constitutional violations in connection with his June 2020 arrest.  Mr. Gholston argues Officer

---

[2]  The Complaint associates Officer Schroeder with an address purportedly shared by the St. Paul Police Department (*see* Compl. at 1), suggesting Mr. Gholston could be mistaken about Officer Schroeder's employer.  Any mistake here is irrelevant, however, given the Court's recommendation that this matter be dismissed.

[3]  The Court takes judicial notice of materials from Mr. Gholston's state court case.  Judicial notice of these documents in permissible because they are public state court records.  *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Lozoya v. City of Cloquet*, No. 21-CV-0990 (ECT/LIB), 2022 WL 37460, at *1 (D. Minn. Jan. 4, 2022) (citing *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009)).

Schroeder failed to present a "neutral and detached magistrate" with enough information to show probable cause for Mr. Gholston's arrest. (*Id.* at 2.) As a result, Mr. Gholston claims, the arrest violated his rights under the U.S. Constitution's Fourth Amendment. (*See id.*) Mr. Gholston also appears to claim that Defendants improperly "[withheld] exculpatory discovery material" from him, in violation of the Sixth and Fourteenth Amendments. (*Id.*)

Mr. Gholston seeks $500,000 from each defendant "for compensatory damages" and $500,000 from each defendant "for punitive damages." (*Id.* at 3.) He also asks the Court to "[a]ppoint counsel under the trial bar obligation." (*Id.*)

## ANALYSIS

### 1.   Motion for Counsel

The Court addresses Mr. Gholston's Motion for Counsel as a threshold matter. There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Whether to appoint counsel in civil proceedings like these is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases). The Court has no indication that litigating this action will be factually or legally complex, and there is no suggestion in the record that conflicting testimony will present any difficulties. Nor does it appear that Mr. Gholston cannot investigate the facts or present his arguments to the Court. Applying the *Crozier* factors, the Court denies Mr. Gholston's Motion for Counsel.

3

## 2.     IFP Application

The Court next turns to Mr. Gholston's IFP application.  Rather than pay this action's filing fee, Mr. Gholston applied to proceed *in forma pauperis* (ECF No. 3).  Upon reviewing the IFP Application, the Court concludes that Mr. Gholston qualifies financially for IFP status.  But an IFP application will be denied, and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim upon which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in the plaintiff's favor.  *See Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014).  The complaint's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Here, the Court finds Mr. Gholston's Complaint fails to state a claim upon which relief can be granted.  As noted above, Mr. Gholston's only claim for relief aside from his Motion for Counsel is one for damages.  His claims concern conduct that ostensibly invalidates the arrest leading to his present incarceration.  As a result, the Complaint falls squarely into conflict with the U.S.

4

Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Court estab-

lished that:

> in order to recover damages for allegedly unconstitutional convic-
> tion or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a
> § 1983 plaintiff must prove that the conviction or sentence has been
> reversed on direct appeal, expunged by executive order, declared in-
> valid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas
> corpus.  A claim for damages bearing that relationship to a convic-
> tion or sentence that has not been so invalidated is not cognizable
> under § 1983.

*Id.* at 486–87 (footnote omitted); *see also, e.g.*, *Gerling v. City of Hermann*, 2 F.4th 737, 743 (8th

Cir. 2021) (applying relevant portion of *Heck*).  Under *Heck*, a section 1983 plaintiff who seeks

damages based on the purported constitutional invalidity of his criminal conviction or incarcera-

tion must be able to show that the criminal case terminated in his favor.

Mr. Gholston claims Defendants' unconstitutional conduct led to his present incarceration.

Thus, for Mr. Gholston's section 1983 claim to be cognizable, he must show that he can meet the

favorable termination requirement established in *Heck*.  Mr. Gholston alleges no facts suggesting

the state court criminal matter ended in his favor.  Indeed, based on the public record, Mr. Gholston

is presently in the process of challenging his conviction in Minnesota state court through a petition

for postconviction review.  The favorable termination requirement under *Heck* thus has not been

met at this point in time.

Unless Mr. Gholston successfully challenges the validity of his conviction through the

postconviction review process or the case is otherwise resolved in his favor, he cannot bring a

claim for monetary damages under section 1983 challenging the legality of his June 2020 arrest.

Any such claim must be dismissed without prejudice.  *See, e.g.*, *Gautreaux v. Sanders*, 395

F. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without

prejudice) (citing *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995)).  Because all of Mr. Gholston's

claims run afoul of the bar established in *Heck*, the Court recommends dismissing this action in its

entirety without prejudice.  In light of that recommendation the Court also recommends denying

his IFP Application as moot.


## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED THAT** Plaintiff Roderic Gholston's Motion for Counsel (*see* ECF No. [1]

at 3) is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED THAT**:

1.   This action be **DISMISSED WITHOUT PREJUDICE**.

2.   Plaintiff Roderic Gholston's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. [3]) be **DENIED** as moot.

3.   Mr. Gholston be **ORDERED** to pay the unpaid balance—$273.79—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be **ORDERED** to provide notice of this requirement to the authorities at the institution where Gholston is confined.


Dated: October 3, 2022                              *s/ Dulce J. Foster*_____
                                                    DULCE J. FOSTER
                                                    United States Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).